NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JAN 18 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ISRAEL FRANCO MORALES, <br><br> Petitioner, <br><br> v. <br><br> MERRICK B. GARLAND, Attorney General, <br><br> Respondent. | No. 20-72319 <br><br> Agency No. A029-304-411 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 12, 2023[**]
Pasadena, California

Before: WATFORD, FRIEDLAND, and BENNETT, Circuit Judges.

Israel Franco Morales, a native and citizen of Mexico, petitions for review of

an order of the Board of Immigration Appeals ("BIA") affirming, without opinion,

the decision of an immigration judge ("IJ") denying his application for cancellation

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

of removal. Morales also seeks review of the IJ's denial of his motion to administratively close proceedings. We deny the petition in part and dismiss it in part.

1. Morales asserts that the notice to appear ("NTA") he was issued did not confer jurisdiction on the immigration court because it did not contain the date, time, and place of hearing. As we recently held, however, "the failure of an NTA to include time and date information does not deprive the immigration court of subject matter jurisdiction." *United States v. Bastide-Hernandez*, 39 F.4th 1187, 1188 (9th Cir. 2022) (en banc); *see also Aguilar Fermin v. Barr*, 958 F.3d 887, 889 (9th Cir. 2020) ("[A]n initial NTA need not contain time, date, and place information to vest an immigration court with jurisdiction if such information is provided before the hearing."). The immigration court therefore had the authority to order Morales's removal.

2. The IJ applied the correct legal standard when assessing whether Morales demonstrated the "exceptional and extremely unusual hardship" required for cancelation of removal. 8 U.S.C. § 1229b(b)(1)(D). "To establish exceptional and extremely unusual hardship, an applicant must demonstrate that qualifying relatives would suffer hardship that is substantially different from, or beyond, that which would normally be expected from the deportation of an alien with close family members here." *De La Rosa-Rodriguez v. Garland*, 49 F.4th 1282, 1291

(9th Cir. 2022) (internal citation and quotation marks omitted). The IJ applied this standard when he determined that the family-separation and financial hardships that Morales and his children will experience if he is removed, while significant, are not atypical. Morales's claim that the IJ erroneously focused on present facts, rather than future difficulties, lacks merit. Although the IJ commented on the academic performance of Morales's children and their health conditions during a time period when his wife had primary custody and Morales was significantly behind on his child support payments, these facts reasonably informed the IJ's predictions of the family's future hardships absent cancelation of removal.

**3.** We lack jurisdiction to consider Morales's claim that the denial of his motion to administratively close proceedings constituted an abuse of discretion and a violation of his due process rights. "[F]ailure to raise an issue in an appeal to the BIA constitutes a failure to exhaust remedies with respect to that question and deprives this court of jurisdiction to hear the matter." *Zara v. Ashcroft*, 383 F.3d 927, 930 (9th Cir. 2004) (internal citation omitted). This rule applies even when the BIA affirms the IJ's decision without an opinion pursuant to 8 C.F.R. § 1003.1(e)(4). *See id.* at 931. Because Morales did not challenge the IJ's denial of his motion for administrative closure in his appeal to the BIA, we cannot review this claim.

**PETITION DENIED IN PART and DISMISSED IN PART.**[1]

---

[1] The temporary stay of removal remains in place until issuance of the mandate.  The motions for a stay of removal are otherwise denied.